UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff, )  )  v. )  )  DEMETRIUS JACKSON, )  )  Defendant. ) | Case No. 1:21-cr-00048-TWP-DLP |

**ENTRY ON GOVERNMENT'S MOTIONS *IN LIMINE***

This matter is before the Court on the United States of America's ("the Government") Motions *in Limine*. ([Filing No. 50](#).) The Government asks the Court to issue an order *in limine* allowing it to designate certain witnesses as experts before the jury; rule on the admissibility of Defendant Demetrius Jackson's ("Jackson") prior convictions as impeachment evidence at trial; allow jurors to use transcripts; and preclude argument or evidence concerning possible penalties. For the following reasons, the Court **grants in part and denies in part** the Motions *in Limine*.

##   I.    LEGAL STANDARD

District courts have broad discretion in ruling on evidentiary questions presented before trial on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The power to exclude evidence *in limine* derives from this Court's authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Evidence should be excluded *in limine* only where it is clearly inadmissible on all potential grounds. *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Moreover, an order on a motion *in limine* does not

necessarily mean that all evidence contemplated by the motion is admissible (or inadmissible); rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

Jackson is charged in Count One with Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in Count 2 with Possession with Intent to Distribute Controlled Substances, in Count 3 with Possession of a Firearm in Furtherance of Drug Trafficking Activities, and in Count 4 with Felon in Possession of a Firearm by a Prohibited Person. ([Filing No. 13](#).) The matter is scheduled for a final pretrial conference on February 16, 2022 and jury trial on March 7, 2022. The Government asks the Court to issue an order *in limine* (1) allowing it to designate expert witnesses before the jury, (2) rule on the admissibility of Jackson's prior convictions, (3) allow jurors to use transcripts, and (4) preclude argument or evidence concerning possible penalties. The Court will address each request in turn.

### A. Expert witness designation

The Government has filed a Notice Regarding Expert Witnesses in which it lists six expert witnesses which it intends to call during its case-in-chief, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E). ([Filing No. 51](#).) Those witnesses are Heather M. Miller, Senior Forensic Chemist; Delana R Brundage, Senior Forensic Chemist; Ryan Farrell, Forensic Scientist; Steve Tastle, Alcohol Tobacco Firearms and Explosives ("ATF") Special Agent; and Michael Cline, Special Agent, Drug Enforcement Administration. *Id*. The Government asks the Court to delegate these witnesses as "expert witnesses" before the jury once they are properly qualified, and to permit the parties to refer to them as experts during the trial, as suggested by the Seventh Circuit Court of Appeals in *United States v. Tingle*, 880 F.3d 850, 853-54 (7th Cir. 2018). ([Filing No. 50 at 3](#).)

In response, Jackson objects to the request and, citing concerns expressed in *United States v. Lopez*, 870 F.3d. 573 (7th Cir. 2017), argues that "a label could confuse the jury and inappropriately elevate the status of [the witness'] testimony in the jury's eyes." *Lopez* at 580-581. ([Filing No. 71](#).) Jackson requests that the Court decline the Government's request to label the testifying witnesses as experts. *Id*. at 2. He also objects to Special Agent Cline offering testimony as an expert if he testifies regarding the general practices of drug dealers. *Id*. at 3.

Since 2018, this Court's Courtroom Procedures and Trial Practices provides: "Experts: counsel must establish qualifications; thereafter the Court will designate and declare whether a witness is an expert." Keeping with its now standard practice, the Court grants the Government's motion *in limine*. If the Government is able to properly qualify before the jury that a witness is an expert under Rule 702 of the Federal Rules of Evidence, the Court will declare that the witness is offering testimony as an expert witness. Likewise, if the Government is unable to qualify a witness as an expert under Rule 702, the witness will not be allowed to offer expert opinion testimony. To ensure that improper weight is not given to the testimony of witnesses labeled as experts during trial, the Court will give Pattern Criminal Jury Instructions of the Seventh Circuit (2020 Ed.) Instruction No. 3.13.[1] Accordingly, this motion *in limine* is **granted**.

B.      **Admissibility Of Prior Convictions**

The Government seeks permission to impeach Jackson with three prior convictions should he choose to testify at trial, pursuant to Federal Rule of Evidence 609. The Government proffers that Jackson has sustained the following prior felony convictions: felony Criminal Gang Activity

---

[1] Rule 3.13 states: You have heard a witness, namely, [name of witness], who gave opinions and testimony about [certain subject(s); specify the subject(s), if possible]. You do not have to accept this witness' [opinions; testimony]. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his [opinions; conclusions], and the factors I have described for determining the believability of testimony

3

in 2014, felony Pointing a Firearm in 2014, and felony Battery in 2015. (Filing No. 50 at 5.) Jackson has not responded to this motion, nor has he given any indication that he intends to testify at trial.

    Federal Rule of Evidence 609 governs impeachment of a witness with a prior conviction:

(a) **In General**. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

(b) **Limit on Using the Evidence after 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

    So, within the ten-year lookback period, the conviction's probative value must outweigh the prejudicial effect, and beyond ten years, the conviction's probative value must *substantially* outweigh the prejudicial effect. A limiting instruction which tells the jury that prior convictions may only be used in determining the credibility of the defendant reduces the prejudicial effect of admission. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004). The Government asserts

that Jackson's three prior convictions "each resulted in Defendant's release from prison within ten years of the commission of the instant offense; as such, they are all convictions that would be admissible under Rule 609 should Defendant testify at trial". (Filing No. 50 at 5.)

In weighing the probative value against prejudice, the Court considers "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997). The Government argues that these factors call for admissibility of Jackson's three prior convictions.

On the first factor, the Government asserts "[t]he mere fact that the defendant has felony convictions has impeachment value." (Filing No. 50 at 6-7.) The Court is not persuaded by this argument. If the mere existence of a felony conviction had impeachment value, the Seventh Circuit would not have suggested the trial courts consider impeachment value as one of several factors in a balancing test because that factor would always weigh in the Government's favor. By emphasizing "impeachment value," the Seventh Circuit was directing the courts to consider whether the specific conviction would make the witness less credible because it entails dishonest or fraudulent acts or statements. So while "the fact that a defendant has been convicted of a prior offense *may* legitimately imply 'that he is more likely to give false testimony than other witnesses,'" the question here is whether Jackson's convictions do imply that he is likely to give false testimony. *United States v. Rein*, 848 F.2d 777, 783 (7th Cir. 1988) (quoting *United States v. Harding*, 525 F.2d 84, 89 (7th Cir. 1975)) (emphasis added).

On this question the Government makes no argument. The impeachment value of offenses like the ones Jackson has been convicted of is low. The offenses show that Jackson has habitually

run afoul of the law, but do not necessarily indicate that he has a propensity to lie or deceive. Unlike classic dishonesty crimes such as perjury, fraud, false statement, embezzlement, or false pretense, the crimes Jackson was convicted of—criminal gang activity, felon pointing a firearm, and battery—are not particularly relevant to his credibility on the witness stand. Factor one weighs against admission of the prior convictions.

The Government argues the second factor—the point in time of the conviction and Jackson's subsequent history—"also weighs in favor of admission" because "[t]he prior convictions are within the ten year look back from their releases from confinement to the commencement of the current offenses." ([Filing No. 50 at 7](Filing No. 50 at 7).) The Court agrees that Jackson's history of criminality is both recent and significant, so this factor weighs in favor of admission.

The Government contends that

> [t]he final three factors should be, and often are, weighed together. The prior offenses are not similar to the currently charged crimes[]. This precludes the likelihood that a jury would draw a propensity conclusion which is prohibited. The final two factors, the importance of the defendant's testimony and the centrality of the credibility issue, are not yet known, and are therefore neutral factors.

*Id*. In a footnote, the Government concedes that a possible exception regarding similarity is the pointing a firearm conviction from 2014. *Id*.

The prior conviction for pointing a firearm is clearly similar to the charges in Count 3: Possession of a Firearm in Furtherance of Drug Trafficking Activities and Count 4: Felon in Possession of a Firearm by a Prohibited Person. The likelihood that the jury would infer that Jackson has a propensity to commit firearm crimes is high and admission of the prior conviction for pointing a firearm would be unduly prejudicial.

Court agrees that the prior convictions for criminal gang activity and battery are not substantially similar to the pending charges. In addition, should Jackson testify, his credibility

will be central to his defense. The probative value of impeaching Jackson's testimony would be very high and these factors—three, four and five—weigh in favor of admissibility concerning Jackson's convictions for criminal gang activity and battery.

Accordingly, the Court **grants in part and denies in part** this motion *in limine*. The Government may not offer Rule 609 impeachment evidence of Jackson's prior conviction for felony pointing a firearm. However, if Jackson testifies at his trial, the Government may offer evidence of his prior convictions for criminal gang activity and battery. Thereafter, the Court will issue a limiting instruction explaining to the jurors that they may only consider those prior convictions for the purposes of determining whether Jackson is a credible witness, and they may not infer that he has a propensity to commit crimes.

C.     **Motion to allow jurors to use transcripts**

The Government intends to offer into evidence Jackson's audio recorded post-*Miranda* statement, which was given to the ATF on the day of his arrest, January 29, 2021. The Government requests that the Court allow the transcript accompanying the post-*Miranda* statement to go back with the jury during their deliberations. ([Filing No. 50 at 10](#).) The Government submits a litany of cases in which the Seventh Circuit has upheld the practice of allowing jurors to use transcripts of recordings during deliberations, even in cases involving the English language. *See United States v. Neighbors,* 590 F.3d 485, 495 (7th Cir. 2009); *United States v. Breland*, 356 F.3d 787, 794 (7th Cir. 2004); *United States v. Magana*, 118 F.3d 1173, 1184 (7th Cir. 1997); *United States v. Crowder*, 36 F.3d 691, 697 (7th Cir. 1994); *United States v. Camargo*, 908 F.2d 179, 183 (7th Cir. 1990); *United States v. Doerr*, 886 F.2d 944, 966 (7th Cir. 1989); *United States v. Dorn*, 561 F.2d 1252, 1257 (7th Cir. 1977).

Jackson has not responded to this request. In light of the Seventh Circuit's consistent decisions upholding the practice of allowing jurors to use transcripts of audio recordings during deliberations, the motion *in limine* is **granted**.

**D.    Inadmissibility of Information regarding possible penalties**

The Government moves *in liminie* to preclude Jackson from attempting to introduce evidence, make argument, or otherwise mention potential penalties that he faces if convicted. (Filing No. 50 at 11.) The Government asserts the Seventh Circuit has held that arguing punishment to a jury is taboo. *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997) (vacated on other grounds, *Richardson v. United States*, 526 U.S. 813 (1999)); see also *United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (the sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court).

The Government is correct that the jury has no sentencing function in this cause and in the event of a guilty verdict, the imposition of sentence is strictly for this Court. In fact, the jury will be instructed that it is required to reach its verdict without regard to what sentence might be imposed. Jackson has not objected or otherwise responded to this request. This motion *in limine* is **granted**.

### III.   CONCLUSION

For the reasons explained above, the Court **GRANTS in part and DENIES in part** the Government's Motions *in Limine*. (Filing No. 50.) The motion is denied as to Jackson's prior conviction for felon pointing a firearm; and that conviction is excluded as impeachment evidence, should Jackson testify at this trial. The Motions are granted in all respects.

An order *in limine* is not a final, appealable order. If Jackson believes that specific evidence allowed in this Entry is inadmissible during the course of the trial, counsel may still raise an objection to that specific evidence.

**SO ORDERED.**

Date: 12/8/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov