UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00048-TWP-DLP |
| ) | |
| DEMETRIUS JACKSON, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION *IN LIMINE*
AND TO EXCLUDE AND MOTION FOR REDACTIONS**

This matter is before the Court on a Motion *in Limine* and to Exclude (Filing No. 79), and Motion for Redactions (Filing No. 80), filed by Defendant Demetrius Jackson ("Jackson"). Jackson is set to be tried by a jury on March 7, 2022, on four counts for Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 846; Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841; Possession of a Firearm in Furtherance of Drug Trafficking Activities in violation of 18 U.S.C. § 924(c); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Filing No. 36). Jackson seeks to preclude Plaintiff, the United States of America ("the Government"), from placing certain matters before the jury at any stage during the trial. For the following reasons, the Court **grants in part and denies in part** Jackson's Motion *in Limine* and Motion to Exclude and **grants** his Motion for Redactions.

I.   **LEGAL STANDARDS**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for

any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.  DISCUSSION

### A.  Hearsay of Third Parties/Informants/Conspirators

Jackson asks the Court to exclude communications made to him by "alleged third party/coconspirator[s]" that he anticipates the Government will seek to admit (Filing No. 79 at 1). He points out that he is being charged with conspiracy to sell drugs and "not a conspiracy to sell guns, or a conspiracy to possess guns." *Id*. at 2. He maintains that the communications the Government intends to offer are outside of the alleged conspiracy and are inadmissible hearsay. *Id*. Jackson asserts that any communication regarding the buying or selling of ammunition is not within the charged conspiracy to possession with intent to sell drugs unless and until it can be shown that said declarant was part of a joint effort to sell drugs with intent to distribute, and not merely buying or selling ammunition or a weapon for any other purpose. *Id.* at 2–3. Jackson contends that no alleged conspirator appears on the Government's witness list and cites *United States v. Santiago*, 582 F.2d 1128, 1130–31 (7th Cir. 1978), to support that evidence of co-conspirators' statements should not be conditionally admitted in the absence of the Government's pretrial proffer. *See United States v. Tate*, No. 1:20-CR-00096-TWP-DLP, 2022 WL 292019, at *1 (S.D. Ind. Feb. 1, 2022) ("The standard to be applied during this competency determination is,

'... if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible.'") (quoting *Santiago*, 582 F.2d at 1128).

The Court ruled that the Government demonstrated good cause to delay filing notice of its *Santiago* proffer and ordered the Government was not required to disclose the names of its cooperating defendants/witnesses until seven days prior to the jury trial in this case (Filing No. 87). Thus, the Court finds that Jackson's request to seek exclusion of certain statements made by alleged co-conspirators not yet established by the Government in its *Santiago* proffer is **premature and subject to denial at this stage**.

Similarly premature is Jackson's request that all hearsay evidence be excluded unless the threshold matters of Rule 806 of the Federal Rules of Evidence are met given the Government has yet to submit its *Santiago* proffer. *See* Fed. Rule of Evid. 806 ("When a hearsay statement — or a statement described in Rule 801(d)(2)(C), (D), or (E) [a statement made by a party's co-conspirator during and in furtherance of the conspiracy] — has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness."). Finally, because the Government's *Santiago* proffer is forthcoming, the Court finds it more prudent for Jackson to await its submission before seeking to object to any hearsay statements made by law enforcement regarding any communications, impressions, or observations of an informant who does not testify at trial (*see* Filing No. 79 at 4).

The Court **denies** Jackson's request to exclude such evidence described above prior to submission of the Government's *Santiago* proffer.

B.      **Evidence of Other Bad Acts of Misconduct**

Jackson moves to exclude any evidence and exhibits regarding specific matters there were contained in his post-*Miranda* statement to law enforcement that would imply that he has a bad character and is more likely to be guilty of the crimes charged. *Id.* at 5; *see* Fed. Rules of Evid. 403, 404(b), 608. Jackson lists a host of evidence and broadly asserts that such evidence is prejudicial and irrelevant. The statements and evidence, as well as Jackson's reasonings are as follows:

> a) That at the time of Jackson's arrest, his girlfriend was pregnant, as it is irrelevant and prejudicial;
> b) Photos of Jackson dumping large quantities of cash on an infant child or fanning out cash in the presence of an infant, as it is highly prejudicial and irrelevant;
> c) Photos of Jackson's possession of a gun on any other occasion, including photos of Jackson holding an assault rifle and pointing the rifle at a dog, as it is propensity evidence and highly prejudicial;
> d) Any allegations that Jackson was affiliated with gang activity;
> e) That prior to getting pregnant, Jackson's girlfriend worked as a stripper, as it is irrelevant and prejudicial;
> f) That Jackson has been selling weed "his whole life," and that he "deals [Marijuana] to live," as it is propensity evidence;
> g) That Jackson currently buys or sells weapons or in the past bought or sold weapons, and/or has or had a reputation in the community as a guns dealer;
> h) Any prior alleged gang affiliation of Jackson;
> i) That Jackson has "kids to take care of," as it is irrelevant and prejudicial;
> j) That Jackson posed with a firearm during the making of a video, as it is propensity evidence, irrelevant and prejudicial;
> k) Statements by law enforcement that other guns were found with Jackson's [] fingerprints and/or DNA;
> l) Any impression by law enforcement that Jackson was a gun dealer, as it is irrelevant and prejudicial;
> m) Any mention in Jackson's statement regarding his prior criminal history or incarceration, or release violations;
> n) That Jackson on some earlier occasion let someone named "RJ" borrow a gun[;]
> o) That law enforcement believed that Jackson was connected to a "chopper," a phrase which could mean an assault rifle or a saw off weapon;
> p) Any evidence that Jackson's DNA or fingerprints were found on any gun (unless it is the same item collected in evidence in this case, properly analyzed, and admitted into evidence in direct support of a charged offense);
> q) That when Jackson was a juvenile and/or younger, he sold "hard shit" (crack) and methamphetamine;

4

      r) That in 2019, Jackson allegedly participated in controlled buys with a person identified in discovery as CS-1, as it is propensity evidence, and outside of the alleged conspiracy (charged as having occurred between the dates of October 2021 (sic) and January 29, 2021);

      s) Opinion testimony that Jackson "fronted" drugs to someone, unless and until that person testifies that drugs were in fact fronted by Jackson, and the type of drug that was provided;

      t) That his girlfriend, who used to be a stripper but was pregnant at the time of Jackson's arrest and interrogation, paid the living expenses until she quit work to have the baby. It is irrelevant and prejudicial.

*Id.* at 5–7.

At the final pretrial conference, the Government agreed that evidence concerning a majority of the subject matter listed above was indeed irrelevant to their case and the Government does not seek to offer the irrelevant evidence. The Court has determined that some evidence offered by the Government serves legitimate non-propensity purposes and their probative value is not substantially outweighed by any prejudicial effect to Jackson. *See United States v. Howard*, 692 F.3d 697, 703 (7th Cir. 2012) (analyzing the inquiry required for admission of evidence of other bad acts or misconduct). This evidence is set forth in the Courts rulings on the Government's Notices pursuant to Rule 404(b) (Filing No. 89). In addition, absent an "*Old Chief* stipulation" of prior offenses the Government may seek to offer evidence of a prior felony conviction to prove Counts 3 and 4; and evidence concerning testimony that Jackson "fronted" drugs to someone may be offered with the proper foundation. The remainder of the above delineated and contested evidence listed by Jackson is either irrelevant or highly prejudicial, and may not be offered by the Government. Jackson's Motion is thus **granted in part and denied in part**.

**C.**     **Motion for Redactions**

Jackson moves to redact information from post-*Miranda* statements he made to the police during a custodial interrogation as well as statements made by law enforcement (Filing No. 80). The parties have agreed to confer and redact the irrelevant and highly prejudicial statements made

5

Jackson in his post-Miranda statements. Accordingly, the Court **grants** the Motion for Redactions of all irrelevant and highly prejudicial statements. If the parties are unable to agree on certain evidence, they may contact the Court for a determination.

### III. CONCLUSION

For the reasons described above, the Court **GRANTS IN PART AND DENIES IN PART** Jackson's Motion *in Limine* and to Exclude, ([Filing No. 79](#)), and **GRANTS** his Motion for Redactions, ([Filing No. 80](#)). An order *in limine* is not a final, appealable order. If a party believes that evidence excluded by this Entry becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 2/17/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov